IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 2:11-cv-14347-KMM

STEPHEN MATTHEWS,

    Plaintiff,

vs.

APPLIED CONCEPTS UNLEASHED, INC. and
STEPHEN FRENCH,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE

THIS CAUSE came before the Court upon Plaintiff Stephen Matthew's Motion to Strike (ECF No. 62). Defendant filed a Response (ECF No. 63) and Plaintiff filed a Reply (ECF No. 64). The Motion is now ripe for review. UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, this Court enters the following Order.

### I. BACKGROUND[1]

Plaintiff was an employee of Defendant, Applied Concepts Unleashed, Inc., from approximately 1998 to 2010.[2] Plaintiff alleges that Defendants failed to compensate him for employment in excess of forty hours per week in violation of the Fair Labor Standards Act (29 U.S.C. § 201 et seq.) ("FLSA" or "the Act"). On January 31, 2012, Defendant filed its Answer and Affirmative Defenses to Plaintiff's Amended Complaint (ECF No. 24). Plaintiff now seeks to have this Court strike Defendant's Third and Seventh Affirmative Defenses.

---

[1] The facts herein are taken from Plaintiff's Amended Complaint (ECF No. 22).
[2] It is unclear from the Complaint what connection Defendant Stephen French has to Defendant Applied Concepts Unleashed, Inc.

1

## II.     STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Affirmative defenses are also subject to the general pleading standard of Fed. R. Civ. P. 8(a), which requires a 'short and plain statement' of the asserted defense." Romero v. S. Waste Sys., LLC, 619 F. Supp. 2d 1356, 1358 (S.D. Fla. 2009). Thus, "despite liberal pleading requirements, where an affirmative defense is no more than 'bare bones conclusory allegations, [it] must be stricken.'" Id. (quoting Morrison v. Exec. Aircraft Refinishing, Inc., 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005)).

## III.    ANALYSIS

Plaintiff motions this Court to strike Defendant's Third and Seventh Affirmative Defenses. Defendant's Third Affirmative Defense alleges that "Defendants are entitled to a set-off for damages suffered because plaintiff Stephen Matthews stole trade secrets and numerous yacht designs belonging to defendant Applied Concepts, and further that plaintiff Stephen Matthews' breach his employment agreement causing damage to defendants." Answer, at 3 (ECF No. 24). Defendant's Seventh Affirmative Defense alleges that "Plaintiff's claims are barred or limited by plaintiff's bad faith, and other equitable defenses, because plaintiff Stephen Matthews destroyed defendants' business records regarding his employment history prior to terminating his employment, and stole trade secrets and numerous yacht designs belonging to defendant Applied Concepts, causing significant damage." Id. at 4.

In Brennan v. Heard, 491 F.2d 1 (5th Cir. 1974), rev'd on other grounds, McLaughlin v. Richland Shoe Co., 486 U.S. 128 (1988), the former U.S. Court of Appeals for the Fifth Circuit[3] addressed the district court's decision to allow set-offs against the amount of back pay owed to an employee. Holding that the district court erred by allowing the employer to claim set-offs, the former Fifth Circuit reasoned that the federal courts

> were not designated by the FLSA to be either collection agents or arbitrators for an employee's creditors. Their sole function and duty under the Act is to assure to the employees of a covered company a minimum level of wages. Arguments and disputations over claims against those wages are foreign to the genesis, history, interpretation, and philosophy of the Act. The only economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards. To clutter these proceedings with the minutiae of other employer-employee relationships would be antithetical to the purpose of the Act.

Id. at 4. The Fifth Circuit thus held that, "Set-offs against back pay awards deprive the employee of the 'cash in hand' contemplated by the Act, and are therefore inappropriate in any proceeding brought to enforce the FLSA minimum wage and overtime provisions, whether the suit is initiated by individual employees or by the Secretary of Labor." Id. The only exception to this general rule is when "the set-off will not cause a plaintiff's wages to dip below the statutory minimum" such as when a defendant claims that overpayments of wages to employees in some work-periods should be set-off against shortfalls in other work periods. See Nelson v. CK Nelson, Inc., No. 07-61416-CIV, 2008 WL 2323892, at *3 (S.D. Fla. June 2, 2009) (citing Singer v. City of Waco, 324 F.3d 813, 828 n.9 (5th Cir. 2003)).

Here, Defendant's Third and Seventh Affirmative Defenses do not allege an overpayment of wages to Plaintiff, but instead request set-offs due to Plaintiff's alleged theft and destruction of business records. The requested set-offs would force the Court to address the factual circumstances of numerous other claims unrelated to whether Plaintiff was adequately compensated according to

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the U.S. Court of Appeals for the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit prior to the close of business on September 30, 1981.

minimum wage and overtime standards and would "clutter these proceedings with the minutiae of other employer-employee relationships." Brennan, 491 F.2d at 4.

Moreover, any set-off applied to a recovery by Plaintiff would result in Plaintiff failing to receive his "cash in hand." Id. Plaintiff alleges he is owed $15,445.31 in unpaid overtime plus $2,305.27 for a two week time period in which he claims he was not paid at all. Pl's Statement of Claim (ECF No. 7). Defendant has already filed a lawsuit against Plaintiff in Florida state court for misappropriation of trade secrets, breach of a confidential relationship, constructive fraud, slander, and libel. See Applied Concepts Unleashed, Inc. v. Matthews, No. 11-674-CA (Fla. Cir. Ct. 2012). Defendant has also filed a lawsuit against Plaintiff in this Court for copyright infringement, computer fraud and abuse, breach of employment agreement and civil theft. See Applied Concepts Unleashed, Inc. v. Matthews, No. 12-CV-14035-DLG (S.D. Fla. 2012). In each of these lawsuits Defendant seeks damages in excess of the amount of damages Plaintiff alleges he is owed in the instant action. Therefore, were Defendant to prevail on its Third and Seventh Affirmative Defenses, Plaintiff's judgment might be reduced below the minimum wage level. Accordingly, Defendant's Third and Seventh Affirmative Defenses are inappropriate in this action.

## IV. CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Plaintiff's Motion to Strike (ECF No. 62) is GRANTED. Defendant's Third and Seventh Affirmative Defenses are hereby STRUCK from the Record.

DONE AND ORDERED in Chambers at Miami, Florida, this 5th day of August, 2012.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record